NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

KEVIN DWAYNE RILEY, *Appellant*.

No. 1 CA-CR 14-0045

FILED 5-26-2015

Appeal from the Superior Court in Maricopa County
No.  CR2012-159924-001
The Honorable Cynthia Bailey, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Reid
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Jon W. Thompson joined.

**P O R T L E Y**, Judge:

¶1         This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969).  Counsel for Defendant Kevin Dwayne Riley has advised us that, after searching the entire record, she has been unable to discover any arguable questions of law, and has filed a brief requesting us to conduct an *Anders* review of the record.  Riley was given the opportunity to file a supplemental brief but has not done so.

### FACTS[1]

¶2         The victim and his girlfriend took a taxi to the Snaps bar.  As the victim got out of the taxi, Riley pushed him against the taxi and held a knife to his throat.  Seeing Riley put a knife to the victim's throat, the victim's girlfriend got out of the taxi and called the police.  Riley then put the knife against the victim's stomach, and jumped into the backseat of the taxi.

¶3         Reaching over the seat, Riley held the knife to the taxi driver's throat, and told her to drive.  She drove until she stopped at a red light, and then she jumped out of the taxi and ran.  She saw Riley get out of the taxi and run across the street.  The police followed Riley while he ran down the road and attempted to throw away the knife.  Riley was subsequently arrested.

¶4         Riley was charged with three counts of aggravated assault, class three dangerous felonies; two counts of kidnapping, class two dangerous felonies; armed robbery, a class two dangerous felony; and misconduct involving weapons, a class four felony.  Riley stipulated that he was a prohibited possessor.  During the trial, the jury heard from the police officers and the participants, including Riley, who testified on his own

---

[1] We view the facts "in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant."  *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997).

behalf and admitted to two prior felonies. The jury found Riley guilty of: (1) aggravated assault against the victim and the taxi driver, (2) the lesser included offense of disorderly conduct as to the victim's girlfriend, (3) kidnapping of the taxi driver, (4) armed robbery, and (5) misconduct involving weapons. He was acquitted of the other kidnapping charge. The jury also found that the convictions for disorderly conduct, kidnapping, and armed robbery involved the use or threatening exhibition of a knife, a deadly weapon or dangerous instrument.

¶5        At the outset of his sentencing hearing, and after being advised of his constitutional rights as well as the sentencing implications, Riley waived his rights and admitted that he had three prior felony convictions. Riley was subsequently sentenced to the following concurrent sentences: ten years in prison for each aggravated assault; two and one-quarter years in prison for disorderly conduct; sixteen and one-half years in prison for kidnapping and armed robbery; and two and one-half years in prison for misconduct involving a weapon. Riley was given 389 days of presentence incarceration credit. He was also ordered to pay the taxi driver $1000 in restitution.

¶6        We have jurisdiction over this appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).[2]

**DISCUSSION**

¶7        We have read and considered the opening brief. We have searched the entire record for reversible error. We find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record, as presented, reveals that Riley was represented by counsel at all stages of the proceedings, and counsel actively protected Riley's constitutional rights before trial, during trial, and during sentencing. In addition to his pretrial actions, Riley's trial counsel sought a judgment of acquittal after the State rested its case, and successfully asked for a lesser-included instruction of disorderly conduct. Moreover, the sentences imposed were within the statutory limits.

---

[2] We cite the current version of the applicable statutes absent changes material to this decision.

**¶8**      After this decision is filed, counsel's obligation to represent Riley in this appeal has ended. Counsel need only inform Riley of the status of the appeal and Riley's future options, unless counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Riley may, if desired, file a motion for reconsideration or petition for review pursuant to the Arizona Rules of Criminal Procedure.

## CONCLUSION

**¶9**      Accordingly, we affirm Riley's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: ama